WO                NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>v.<br><br>Gary Arthur Brown, Jr.,<br><br>                Defendant. | No. CR-15-01301-001-PHX-JJT<br><br>**ORDER** |

At issue is Defendant's Motion in Limine to Preclude any Allegations Involving Bobbie Plummer-Levy (Doc. 31), to which the government has filed a Response (Doc 34).[1] During the discovery phase of this matter, the government disclosed several police reports from the state of Maryland involving allegations by Ms. Plummer-Levy that: 1) in late May 2011, she discovered a male, then unknown to her, attempting to take a video of her through her apartment's bathroom window; and 2) in early June 2011, as she prepared to take a shower in her apartment, she saw the Defendant attempting to slide her bathroom window open to, as Ms. Plummer-Levy put it, "sneak a peek." In the second incident, Ms. Plummer-Levy recognized the man as her neighbor in the apartment complex–the Defendant–and from that contact, realized that he was the same person she had seen with the video camera several weeks before.

---

[1] The Court notes that Defendant filed a Reply in support of its Motion to Preclude today, June 3, 2015; however, the Court had already drafted this Order granting the Defendant's Motion as of that filing.

The government charged Defendant by Indictment with Abusive Sexual Contact in violation of 18 U.S.C. § 2244(b) after it was alleged that, during an interstate commercial flight, he repeatedly touched the breast of a sleeping fellow passenger through her clothing. (Doc. 1.) It served notice on Defendant that it intended to introduce evidence of these two other acts pursuant to Federal Rule of Evidence 404 (b) at trial, to prove something other than Defendant's propensity to commit the charged act, such as preparation, intent, motive, or absence of mistake or accident. (Doc. 27.) In response to the Notice, Defendant filed the instant Motion.

At the Final Pretrial Conference in this matter on May 17, 2016, the Court reserved judgment on the Motion, as the government had yet to respond, but expressed skepticism that the two acts of alleged voyeurism from 2011 met the following requirements for admissibility under *United States v. Chea*, 231 F.3d 531, 534 (9th Cir. 2000): 1) that the evidence tended to prove a material point; 2) that the evidence is sufficient to support a finding that the defendant actually committed the other acts; and 3) that the acts were similar to the offense now charged. Because the government intends to call as many as four witnesses regarding the events in Maryland in 2011, the Court sought to resolve the issue early enough to allow all parties to plan according to its ruling, and ordered the government to file any responsive memorandum by May 23, 2016.

In its timely filed Response, the government maintained its request to introduce the other acts evidence in its case in chief pursuant to FRE 404(b), but also urged that the evidence from the Maryland incidents would be admissible on cross-examination should Defendant take the stand, either as impeachment or simply to challenge his testimony. (Doc. 34.) Under the government's theory, if Defendant were to testify that placing his hand on the sleeping victim's breast more than once was accidental, or that his actions lacked a sexual motivation, the evidence that he engaged in unwanted acts of voyeurism or "peeping" against Ms. Plummer-Levy in 2011 would serve to challenge or impeach that testimony.

1  These two arguments–that the evidence of the Maryland incidents is admissible
2  under either FRE 404(b) or FRE 611–are the opposite sides of the same flawed coin.
3  They fail, first of all, based on a lack of relevance to any material point in the instant
4  prosecution. Even assuming that the evidence from the 2011 incidents is sufficient to
5  support a finding that Defendant actually did then engage in the acts of unwanted
6  voyeurism, those acts are simply too dissimilar to the charged conduct in this case to be
7  relevant here. The Court cannot in the first instance make the leap that a defendant's
8  engagement in unwanted voyeurism is probative of his intent, planning, preparation, or
9  lack of mistake in committing a hands-on sexual offense years later. The government
10 argues that three similarities exist between the 2011 acts and the charged act. First, the
11 charged act and the other acts are sexual in nature. Second, both the charged act and the
12 other acts were carried out in a way that was designed to minimize the likelihood of
13 detection or apprehension. And third, Defendant's reaction to being caught in both the
14 charged act and the other acts was similar, in that he looked dazed and denied knowing
15 what was going on.

16  The Court cannot agree with any of these arguments. First, as noted above, there
17 are far more dissimilarities than similarities between a hands-on sex offense like the one
18 charged here and any "peeping Tom" offense, and to the extent there are similarities, they
19 would appeal only to the argument of propensity–precisely what FRE 404(a) prohibits.
20 Second, the observation that a defendant tried to commit a charged offense and other acts
21 in a way that would avoid detection says so much that it says nothing. The same could be
22 said for virtually any criminal act or wrong. People try not to get caught when they do
23 wrong. The Court finds this argument unpersuasive. For the same reasons, the
24 government's third argument fails. A purported similarity between charged acts and other
25 acts must be supported by something more than an extraordinarily common reaction by
26 the defendant, such as denial or feigned confusion. The government has failed to
27 persuade the Court that lawful justification exists to admit the other act evidence here
28 noticed either under FRE 404(b) or FRE 611.

**IT IS ORDERED** granting Defendant's Motion in Limine to Preclude any Allegations Involving Bobbie Plummer-Levy (Doc. 31).

Dated this 3rd day of June, 2016.

_____
Honorable John J. Tuchi
United States District Judge