**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-15-01301-001-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Gary Arthur Brown, Jr., | |
| Defendant. | |

The court has read the Parties' submissions regarding the need for unanimity instruction, which also includes Defendant's proposed new instruction on the subject. (Docs. 94, 95.) *United States v. Ruiz*, 710 F.3d 1077 (9th Cir. 2013) is controlling on the issue when it states that "there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict, since different jurors may be persuaded by different pieces of evidence even when they agree on the bottom line." 710 F.3d at 1081 (internal quotations omitted).

*Ruiz* also provides an exception to the above general rule, however, noting that if there is "a genuine possibility of jury confusion, or if a conviction may occur as the result of different jurors concluding that a defendant committed different acts, then an instruction should be given to the effect that the jury may not convict unless it unanimously agrees to a particular set of facts." (citing *United States v. Anguiano*, 710 F.3d 1314, 1319 (9th Cir. 1989)(internal quotations omitted). A critical difference between Ruiz and the instant case is that in *Ruiz*, the defendant was charged with

possession of firearm and ammunition, which can be a continuing offense. Here, the offense of abusive sexual contact is not a continuing offense, or at least is not under the evidence adduced by the government. The Court thus concludes there is a genuine possibility of jury confusion, and for that reason it decided at the first trial in this matter to deliver a unanimity instruction, upon Defendant's motion. For the same reason, and the United States not objecting, The Court again will deliver a unanimity instruction, but it will not deliver the instruction proposed by Defendant in Doc. 95. The court disagrees with Defendant's argument that the unanimity instruction used in the first trial is "grammatically confusing" or "fatally ambiguous," as the Ninth Circuit found the challenged instruction to be in *United States v. Garcia-Rivera*, 353 F.3d 788, 792 (9th Cir. 2003). The mere use of the disjunctive "or" connector is not what made the instruction in *Garcia-Rivera* confusing or ambiguous. Nonetheless, the court will modify the language of the previously used instruction slightly to eliminate any possible ambiguity. Instruction given at trial shall read:

> You have heard evidence that there was contact with Ms. Claudia Frye's breast up to two times. Before you may find the Defendant guilty, you must unanimously agree that the first contact occurred; or you must unanimously agree that the second contact occurred; or you must unanimously agree that both contacts occurred.

The government cites *United States Ferris*, 719 F. 2d 1405 (9th Cir. 1983), in support of its argument that no more specific unanimity instruction, and in fact no unanimity instruction at all, is necessary, although the government is clear that it does not object to the giving of the unanimity instruction delivered in the prior trial. While that interpretation has appeal upon first reading of the case, there is again, like in *Ruiz*, a critical difference between the facts of *Ferris* and the facts of the instant case. In *Ferris*, the challenged jury instruction dealt with a charge of possession of controlled substances, and defendant argued that evidence of several different instances of possession by him were introduced, such that different jurors could have settled on different instances of possession in order to convict him of the count. In *Ferris*, the Ninth Circuit concluded

1  that different instances of possession did not invalidate the required unanimity of the
2  jury's decision. But again, as in *Ruiz*, possession is a continuing offense, and the court
3  reasoned in *Ferris* that different jurors' conclusions that defendant might have been in
4  possession of controlled substance at different times was therefore not inconsistent with
5  the unanimity of the verdict. In the instant case, the charges of a different nature, and not
6  a continuing offense. For that reason, *Ferris* is inapposite, in the Court concludes that, to
7  avoid the danger of jury confusion, the unanimity instruction is at least favored, and may
8  be necessary.

9  IT IS THEREFORE ORDERED that the Court will deliver to the jury the above
10  unanimity instruction at trial.

11  Dated this 19th day of September, 2016.

                Honorable John J. Tuchi
                United States District Judge